**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Teresa Diane DAVIS, Defendant— Appellant.**

No. 03–10690, 03–10715.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2005.*

Decided Nov. 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michelle Rodriguez, U.S. Attorney Office, Sacramento, CA, for Plaintiff-Appellee.

Krista Joy Hart, Law Office of Krista J. Hart, Sacramento, CA, for Defendant-Appellant.

Before: GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Teresa Diane Davis appeals the sentence she received after pleading guilty to two counts of conspiracy in violation of 18

U.S.C. § 371. The substantive crimes for the two conspiracy counts were 18 U.S.C. § 1708 (theft or receipt of stolen mail) in case number CR–03–00272–FCD and 18 U.S.C. § 1344(2) (bank fraud) in case number CR–03–00389–FCD.

In a supplemental brief, Davis argues that the district court violated her Sixth Amendment rights when it enhanced her sentence on the basis of a fact not proved to a jury beyond a reasonable doubt nor admitted by Davis. In her plea agreement, Davis and the government stipulated a less-than $5,000 loss. Upon sentencing, however, the district court accepted the loss estimate in the presentencing report, a loss in excess of $20,000. Reliance on the $20,000 loss—a fact neither admitted by appellant nor proved to a jury beyond a reasonable doubt—increased Appellant's guideline sentencing range from nine to fifteen months to twenty-one to twenty-seven months.

Under the then applicable law, relying upon the loss recited in the presentence report violated the Sixth Amendment. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Davis did not challenge the sentence on *Apprendi* grounds, but instead objected to the presentence report loss on factual sufficiency grounds. She appealed to this court on the same theory.

During the pendency of her original appeal, the Supreme Court reaffirmed *Apprendi* in *Blakely v. Washington*, 542 U.S. 296, 305–06, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Thereafter, Davis submitted a supplemental brief arguing that her sentence violated the Sixth Amendment.

We review unpreserved errors for plain error, *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005), and find it here.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, we REMAND to the district court for the limited purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory.

---

* The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.